IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| MARK R. BARRETT<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>Defendant. | CV 11-143-BLG-RFC-CSO<br><br>**<u>FINDINGS AND<br>RECOMMENDATIONS<br>OF UNITED STATES<br>MAGISTRATE JUDGE</u>** |
|---|---|

Plaintiff Mark R. Barrett ("Barrett") filed this action seeking judicial review of Defendant Commissioner of Social Security's ("Commissioner") decision denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. Chief Judge Cebull referred this case to the undersigned for all pretrial proceedings. *DKT 11*.

Now pending are the parties' cross-motions for summary judgment. *DKTs 15* (Barrett's motion) and *18* (Commissioner's motion). For the reasons stated below, the Court recommends that this matter

be remanded with directions that the ALJ consider the additional evidence discussed below.

I. **PROCEDURAL BACKGROUND**

Barrett alleges that he has been unable to work since May 1, 2008. *Tr. 78-82, Supp. Tr. 5-6*.[1] He alleges an inability to work due to "irritable bowel syndrome, herniated disc, cervical spine impairment, degenerative disc disease, hypertensive cardiovascular disease, hypertension and colon cancer[.]" *Tr. at 113*.

The Social Security Administration ("SSA") denied Barrett's application initially and upon reconsideration. *Tr. at 40-45*. On July 7, 2010, an Administrative Law Judge ("ALJ") held a hearing. *Supp. Tr. at 1-53*. On December 28, 2010, the ALJ issued a written decision denying Barrett's claims. *Tr. at 26-35*. On October 12, 2011, the Appeals Council denied Barrett's request for review. *Tr. at 1-3*.

Important to the discussion here, in denying Barrett's request for

---

[1] The Commissioner inadvertently omitted from the Administrative Record the transcript of the oral hearing held on July 7, 2010. He subsequently filed it, however, and the Court cites to it as "Supp. Tr." and identifies specific pages by those appearing on the bottom of each page.

review, the Appeals Council expressly stated that it considered additional evidence that Barrett submitted after the ALJ issued his decision, including a 12-page narrative report from Kevin Jenkins, D.O., dated July 18, 2010. *Tr. at 1, 4*. The Appeals Council concluded that the information Barrett submitted provided it with no basis for changing the ALJ's decision. *Tr. at 2*.

When the Appeals Council declined Barrett's request for review, the ALJ's decision became final for purposes of judicial review. *Tr. at 1-3*; 20 C.F.R. §§ 404.981, 416.1481 (2011). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. THE ALJ's OPINION

The ALJ followed the five-step sequential evaluation process in considering Barrett's claims. First, the ALJ found that Barrett had not engaged in substantial gainful activity since his amended alleged onset date of May 1, 2008. *Tr. at 28*.

Second, the ALJ found that Barrett has the following severe impairments: "irritable bowel syndrome, status-post colon cancer, [and] cervical and thoracic degenerative disc disease[.]" *Id*.

Third, the ALJ found that Barrett does not have an impairment or a combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. *Tr. at 29*.

Fourth, the ALJ found that Barrett has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except as follows: The claimant could walk 20-30 minutes at a time or at least a 1/4 mile at a time, stand for 2 hours at a time, and sit from 30 minutes to an hour at a time. He could lift 20 pounds occasionally and 10 pounds frequently. He could perform postural activities at least occasionally except that he should never crawl or climb ladders and scaffolding, and he could bend seldom to occasionally. He should avoid exposure to extreme hot and cold temperatures, and vibrations. Because of his irritable bowel problems and associated diarrhea, he could need 3 to 4 rest room breaks on an urgent basis during the eight hour work day, and each break would last approximately 10 minutes or less.

*Tr. at 29*.

The ALJ also found that Barrett is unable to perform his past relevant work as a chiropractor. *Tr. at 33*. The ALJ found that Barrett's past job required Barrett to perform at exertional levels which exceed his current RFC. *Id*.

Fifth, the ALJ found that Barrett could perform jobs that exist in

significant numbers in the national economy in light of his age (54 years old on the date last insured, which is defined under SSA regulations as an individual closely approaching advanced age), education (8 years of college, a BA degree, a chiropractic degree, and a nine-month internship), work experience, and RFC. *Tr. at 33.* Thus, the ALJ found that Barrett was not disabled. *Tr. at 33-34.*

### III. PARTIES' ARGUMENTS

Barrett argues that the ALJ erred in two principal ways: (1) by rejecting the assessments of treating physicians Dr. Keri Hill and Dr. Kevin Jenkins, *Pltf's Brief in Support of Mtn. for Summary Judgment (DKT 16) at 1-5*; and (2) by improperly discrediting Barrett's subjective complaints. *Id. at 5-10.* As discussed below, the Court concludes that this matter must be remanded to permit the ALJ to consider Dr. Jenkins' report, which Barrett submitted to the Appeals Council after the ALJ's decision. Because of this conclusion, the Court does not address the parties' other arguments.

Respecting Dr. Jenkins' report, Barrett argues that "[e]ven in the event that this Court were to find no legal error inherent in the ALJ's

rejection of Dr. Hill's assessments, the case should nonetheless be remanded for consideration of the corroborative opinions expressed by Dr. Jenkins, which were evaluated but ultimately rejected, without any stated rationale, by the Appeals Council[.]" *Id. at 5.*

Responding to Barrett's argument, the Commissioner initially argued that the Court should not consider evidence submitted only to the Appeals Council in deciding whether the ALJ's decision is supported by substantial evidence. *Deft's Br. (DKT 19) at 15-18.* The Commissioner subsequently filed a Notice of Supplemental Authority advising of a recent Ninth Circuit decision which bears on the issue of whether the Court should consider post-ALJ decision evidence presented to the Appeals Council. *DKT 21.* In *Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1159 (9th Cir. 2012), the Ninth Circuit held that a district court must consider evidence submitted to the Appeals Council after an ALJ's decision when the Appeals Council considers that evidence in denying review of the ALJ's decision and, in doing so, makes the evidence part of the administrative record.

The Commissioner maintains that the *Brewes* decision is at odds

with *Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001), in which the Ninth Circuit held that a district court should consider post-ALJ decision evidence only if a plaintiff shows that: (1) the evidence is new and material to his disability; and (2) good cause exists for the plaintiff's failure to submit the evidence earlier. *DKT 19 at 16* (citing *Mayes*, 276 F.3d at 462). Under *Mayes*, the Commissioner first argues that Barrett cannot show that the new evidence is material because it "comes nearly two years after [Barrett's] date last insured and is not retrospective to the limited period at issue." *DKT 19 at 16*. Second, the Commissioner argues that Barrett cannot establish good cause for not submitting the evidence earlier. *Id. at 17-18*.

Finally, the Commissioner argues that if the Court finds that the decision denying Barrett's claim is not supported by substantial evidence, the Court should remand for further administrative proceedings rather than reverse for an award of benefits. *Id. at 18-19*.

## IV. <u>DISCUSSION</u>

After consideration of *Mayes* and *Brewes,* the Court finds that remand for further administrative proceedings is appropriate. First,

Dr. Jenkins' report was properly before the Appeals Council. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b) (2012).

The Court finds moot the Commissioner's argument that Barrett cannot show that the new evidence is material because he submitted it too late. It is evident from the plain language of the Appeals Council's notice denying Barrett's request for review that it did consider Dr. Jenkins' report. The Appeals Council wrote: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." *Tr. at 1*. On the Order of Appeals Council, listed is Exhibit 24F, which is the "Narrative Report from Kevin Jenkins, D.O., dated July 18, 2010 - 12 pages[.]" *Tr. at 5*. Had the Appeals Council determined that the new evidence was either not material or not timely, it should not have – and likely would not have – considered it. Because the Appeals Council did consider Dr. Jenkins' report, it is now part of the administrative record. *Brewes*, 682 F.3d at 1162. As such, this Court also is required

to consider it. *Id.* at 1163.

Two additional factors support this conclusion. First, "[c]laimants need not show 'good cause' before submitting new evidence to the Appeals Council." *Brewes*, 682 F.3d at 1162. The Commissioner's argument that Barrett cannot establish good cause for not submitting the evidence earlier, therefore, fails. A showing of good cause for failure to incorporate the evidence into the record in a prior proceeding is necessary only when new evidence is presented to the district court first and was not already considered by the Appeals Council, as it was here. *Mayes*, 276 F.3d 462; see also *Brewes*, 682 F.3d at 1164 ("Section 405(g)['s materiality standard] ... applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court.").

Second, the Commissioner's argument that Dr. Jenkins' report does not relate to the time period on or before issuance of the ALJ's decision is incorrect. Even a cursory review of Dr. Jenkins' report reveals that it relates to the period on or before the ALJ's decision and is retrospective to the period at issue. In his lengthy, detailed report

that chronicles Barrett's medical conditions and treatment over the course of more than a decade, Dr. Jenkins states that he began treatment of Barrett in February 2000, that he has "managed [Barrett's] care and disability since 2000, and [that he] continue[s] to provide care for this patient." *Tr. at 497, 505*. This includes the period before the ALJ's decision. Thus, even though Dr. Jenkins' report was completed after the ALJ's decision, it thoroughly discusses Barrett's medical condition before the ALJ issued his decision.

In considering Dr. Jenkins' report, as it must, the Court concludes that its presence in the record compels remand to the Commissioner. The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand for an award of benefits is appropriate if there is no useful purpose to be served by further proceedings or if the record is fully developed. *Strauss v. Commissioner*, 635 F.3d 1135, 1138–39 (9th Cir. 2011). The Court should remand for an award of benefits if: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there

are no outstanding issues that must be resolved before a determination of disability can be made, and; (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F.3d at 1178.

The Appeals Council, like the ALJ, generally must provide "specific and legitimate reasons" supported by substantial evidence in the record for rejecting the medical opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). That obligation is triggered, however, only when the Appeals Council reviews or is required to review the case. See *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993) (requiring the Appeals Council to provide specific and legitimate reasons only after recognizing that the Council considered the case on the merits). In this case, the Appeals Council declined to grant Barrett's request for review. *Tr. at 1-2*. Thus, the Appeals Council was not obligated to explain its reasons for believing Dr. Jenkins' report would not have changed the ALJ's decision.

The problem with this result, however, is that the Court is now unable to determine the bases for the Appeals Council's decision. The

task remains for the ALJ on remand to consider the new evidence in light of the record as a whole. Having reached this conclusion, the Court does not address Barrett's other allegations of error – or the Commissioner's arguments in opposition to them – in light of their interrelationship with the issue that prompted this recommendation to remand.

## V. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Barrett's motion for summary judgment (*DKT 15*) be DENIED insofar as it seeks a remand for award of benefits and GRANTED insofar as it seeks remand, the Commissioner's motion for summary judgment (*DKT 18*) be DENIED, and this matter be REMANDED to the Commissioner for further proceedings consistent with this opinion.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel

within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 26th day of September, 2012.

/s/ Carolyn S. Ostby<br>United States Magistrate Judge