IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK R. BARRETT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | CV 11-143-SEH-TJC<br><br>**FINDINGS AND RECCOMMENDATION** |

Plaintiff Mark R. Barrett commenced this action on December 9, 2011, seeking judicial review of Defendant Commissioner of Social Security's decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The Court subsequently remanded the case for further proceedings, and awarded Plaintiff $4,000 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Docs. 22, 28.)

On April 27, 2018, Administrative Law Judge Nicole S. Forbes-Schmitt issued a fully favorable decision finding Plaintiff disabled. Thereafter, the Commissioner awarded Plaintiff $248,839 in past-due benefits, of which $6,000 was withheld for attorney fees. (Doc. 30-2 at 8.)

On September 2, 2018, Plaintiff filed the pending motion for attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff requests fees in the amount of $46,000, which represents approximately 18.5% of the past-due benefits awarded. In response, the Commissioner offers factors for the Court's consideration in deciding Plaintiff's request. (Doc. 32.) The Commissioner objects to Plaintiff's request only to the extent Plaintiff seeks the award be paid from general agency funds. *Id.*

## I. LEGAL STANDARD

Pursuant to the Social Security Act, an attorney may seek a reasonable fee for their work on a case in which they have successfully represented a claimant. The district court who entered judgment in favor of the claimant "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "[T]he losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Rather, any awarded fees are paid from the claimant's past-due benefits. *Id.*

The Court must evaluate requested fees for reasonableness. *Crawford*, 586 F.3d at 1149. If the contingent-fee agreement falls within the 25% cap, the court should consider the following factors to determine the fee's reasonableness: "(1) the character of the representation; (2) the results achieved by the representative; (3)

whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Lovejoy v. Berryhill*, 2018 WL 3629922, *2 (E.D. Cal. 2018) (citing *Crawford*, 586 F.3d at 1148). The attorney requesting a fee bears the burden of establishing its reasonableness. *Crawford*, 586 F.3d at 1149.

## II.  DISCUSSION

Plaintiff's contingency fee agreement with his counsel provided for payment of 25% of the total of the past due benefits awarded, and is thus within the statutory cap under 42 U.S.C. § 406(b)(1)(A). (Doc. 30-2 at 2.) Plaintiff's counsel requests $46,000 in fees, which is 18.5 percent of the total $249,839 past-due benefits awarded, and well below the 25% cap. (Doc. 30.) The Court concludes the amount sought is reasonable for the following reasons.

Counsel represented Plaintiff from December 2011 until April 2018, and was ultimately successful in securing an award of benefits. Plaintiff's counsel has submitted an accounting of the hours expended and services performed in federal court, and there is no indication of dilatory conduct to increase the amount of past due benefits. (Doc. 30-2 at 4-5.)

The Court has also considered whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Crawford*, 586 F.3d at 1148. Plaintiff's counsel expended 26.3 hours representing plaintiff in federal court, which constitutes a *de facto* hourly rate of $1,749. While certainly significant, courts have routinely approved contingent fee agreements with comparable rates for similar or less hours worked. *See e.g.*, *Palos v. Colvin*, 2016 WL 5110243, *2 (C.D. Cal. 2016) (collecting cases and approving an hourly rate of $1,546.39 for 9.7 hours worked); *Tinajero Cerda v. Berryhill*, 2019 WL 2058653, *3 (E.D. Cal. 2019) (collecting Ninth Circuit cases); *Hall v. Colvin*, 2014 WL 4925668 (D. Mont. 2014) (approving a request for 18.5% of a claimant's past-due benefits); *McCawley v. Colvin*, 2015 WL 13528496 (D. Mont. 2015) (approving a request for 25% of a claimant's past-due benefits). These decisions underscore that "[d]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

Moreover, Plaintiff's counsel have requested fees "significantly lower than the fees bargained for in the contingent-fee agreements[.]" *Crawford*, 586 F.3d at 1151. The agreement allows for 25% of past-due benefits, but Plaintiff's attorneys have requested only 18.5% of past-due benefits. Also, Plaintiff's counsel "assumed significant risk" in accepting Plaintiff's case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in

resolving [this] case[]." *Id.* at 1152.  Additionally, Plaintiff agreed to the contingent fee and has not objected to his attorneys' request.

The Commissioner points out, however, that the Court's remand in this matter was largely a result of a change of law, rather than based on Plaintiff's arguments. A review of the record indicates Plaintiff raised multiple arguments advocating for remand or an award of benefits, including the argument which ultimately resulted in the Court's decision to remand this matter to the Commissioner.  (Doc. 22 at 5-6.) Although the Court declined to address each of Plaintiff's arguments, it nevertheless reached a decision favorable to Plaintiff.  Further, there is no indication that Plaintiff's counsel "provided substandard representation[.]" *Crawford*, 586 F.3d at 1148.

The Commissioner also indicates that Plaintiff's requested fees may result in a windfall because Plaintiff's attorneys did not submit a statement of normal hourly billing for noncontingent-fee cases.  *See, Gisbrecht*, 535 U.S. at 808 (suggesting courts may require a record of counsel's normal billing charges for noncontingent-fee cases to aid in their reasonableness assessment).  But Plaintiff's retained firm does not have a normal hourly billing rate for noncontingent-fee cases because its practice is dedicated solely to litigating social security benefit denials, which are handled by the firm on a contingency fee basis.  (Doc. 34 at 3-4.)  "The courts recognize that basing a reasonableness determination on a simple hourly rate basis

is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn*, 262 F. Supp. 2d at 1037. Additionally, while a record of counsel's hourly billing charges for noncontingent-fee cases is an aid the Court may request; it is not a dispositive factor in the Court's reasonableness determination.

The Court finds Plaintiff's attorneys have met their burden of establishing that their requested fee is reasonable. An award of attorney fees in the amount of $46,000 is appropriate. The parties agree, however, that the award must be offset by the Court's prior award of attorney's fees granted under EAJA. *Gisbrecht*, 535 U.S. at 796. This Court previously awarded Plaintiff $4,000 in attorney's fees pursuant to the EAJA. Therefore, upon receipt of the requested $46,000 in fees, Plaintiff's counsel shall remit $4,000 to Plaintiff.

Finally, with respect to the Commissioner's objection regarding the award being paid from general agency funds, the parties appear to agree that the procedures outlined in the Commissioners internal rules, POMS GN 03920.055, will govern the recovery of the attorney's fees ordereed. (Docs. 32 at 11; 34 at 5.)

## III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** as follows:

1. Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)(1) (Doc. 29) in the amount of $46,000 should be **GRANTED**.

**2.** It should be ordered that, upon payment of the fees, Plaintiff's counsel should remit to the Plaintiff $4,000 in attorney's fees previously award under EAJA.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 28th day of May, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge